UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL PERKINS,

                                Plaintiff,

                -against-

PREVIL,

                                Defendant.

1:19-CV-9333 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently held in the Manhattan Detention Center, brings this action *pro se*.[1] He

also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff

is barred, however, under the "three-strikes" provision of the Prisoner Litigation Reform Act

("PLRA"), 28 U.S.C. § 1915(g), from filing any new federal civil action IFP while he is a

prisoner. For the reasons discussed below, the Court dismisses this action without prejudice, but

grants Plaintiff leave to either pay the $400.00 in fees to bring this action or show cause why he

is not barred, under the PLRA's three-strikes provision, from proceeding with this action IFP.

## DISCUSSION

"Congress adopted the [PLRA] with the principal purpose of deterring frivolous prisoner

lawsuits and appeals." *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir 1997). To serve this deterrent

purpose, the PLRA includes the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff filed his complaint while he was held in the George R. Vierno Center
("GRVC") on Rikers Island.

28 U.S.C. § 1915(g). The three-strikes provision was intended to "give district courts greater power to protect their dockets from meritless lawsuits." *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010). It is for this reason that courts are entitled to raise any three-strikes issue on their own motion. *Id.* (citing *Thompson v. DEA*, 492 F.3d 428, 435-36 (D.C. Cir. 2007); *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005)); *see Thompson*, 492 F.3d 435-36 ("[W]e hold that prisoners moving for IFP status need not produce evidence showing the grounds for prior dismissals. Such evidence must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself. That said, we agree . . . that once such evidence has been produced, the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes."); *Andrews*, 398 F.3d at 1120 ("[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status.")

In determining whether previous dismissals count as strikes, the Court does not "have an affirmative obligation to examine actual orders of dismissal." *Harris*, 607 F.2d at 23 (citing *Thompson*, 492 F.3d at 434-35; *Andrews*, 398 F.3d at 1120), but may instead "rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted," *id.* at 23-24.

This Court, as well and the United States District Courts for the Western and Northern Districts of New York, have previously recognized Plaintiff as disqualified from proceeding IFP under the PLRA's three-strikes provision. *See Perkins v. Annucci*, ECF 1:18-CV-2986, 4 (S.D.N.Y. Dec. 7, 2018) (dismissing action *sua sponte* under the PLRA's three-strikes

provision); *Perkins v. Napoli*, No. 6:08-CV-6248, 135 (W.D.N.Y. Nov. 8, 2012) (granting the

defendant's motion to revoke Plaintiff's IFP status because of the PLRA's three-strikes

provision, but granting Plaintiff 30 days to pay the filing fee); *Perkins v. Rock*, No. 9:10-CV-

0375, 13 (N.D.N.Y. Aug. 18, 2010) (denying Plaintiff's motion to proceed IFP because of the

PLRA's three-strikes provision, but granting Plaintiff 30 days to pay the filing fee).[2]

In each of these actions, Plaintiff had an opportunity to argue that he did not have three

strikes, *cf. Harris*, 607 F.3d at 24 (noting that the plaintiff had a full opportunity to demonstrate

to the district court that previous dismissals were not strikes), and, if he was not satisfied with the

district court's resolution, to appeal the issue. In an abundance of caution, however, the Court

will ensure that the dismissals on which this Court and the Western and Northern Districts of

New York previously relied are actually strikes. *See Escalera v. Samaritan Vill.*, 938 F.3d 380,

381-84 (2d Cir. 2019) (where the district court relied on a previous order that concluded that the

plaintiff had already accrued five strikes, reversing and remanding after determining, based on

the language of the dismissal orders themselves, that three of the dismissals should not have been

counted as strikes).

Based on its review, the Court has determined that Plaintiff earned at least three strikes

before filing the present action. Those strikes include:

> (1) *Perkins v. NYC Dep't of Corrs.*, ECF 1:94-CV-1613, 3 (S.D.N.Y. Mar. 10,
> 1994) – action dismissed *sua sponte* as frivolous under former 28 U.S.C.
> § 1915(d));
>
> (2) *Perkins v. N.Y.C. Dep't of Corrs.*, ECF 1:94-CV-1614, 3 (S.D.N.Y. Mar. 10,
> 1994) – same;

---

[2] The actions brought in the Western and Northern Districts of New York were later
dismissed because of Plaintiff's failure to pay the filing fee. *Perkins*, No. 6:08-CV-6248, 137
(W.D.N.Y. Feb. 25, 2013); *Perkins*, No. 9:10-CV-0375, 19 (N.D.N.Y. Dec. 2, 2010).

(3) *Perkins v. N.Y.C. Dep't of Corrs.*, ECF 1:94-CV-1828, 4 (S.D.N.Y. Mar. 17, 1994) – same;

(4) *Perkins v. Morgenthau*, ECF 1:94-CV-4553, 3 (S.D.N.Y. June 21, 1994) – same;

(5) *Perkins v. John Doe Cheri Magazine Owner*, 6:08-CV-6257, 5 (W.D.N.Y. Sept. 8, 2008) – action dismissed *sua sponte* for failure to state a claim.

Because Plaintiff has accrued at least three strikes, he is barred under the PLRA from proceeding with this action IFP unless he satisfies the exception to the PLRA's three-strikes provision.

Plaintiff's complaint, however, does not allege sufficient facts to satisfy the exception to the PLRA's three-strikes provision – it fails to show that Plaintiff was under imminent danger of serious physical injury at the time that he filed his complaint.[3] Instead, Plaintiff alleges the following facts: On October 1, 2019, while Plaintiff was held in the GRVC, Defendant Previl, a Correction Officer, attempted to serve Plaintiff a non-kosher meal. Plaintiff refused and referred Previl to a Correction Captain who was aware that Plaintiff was supposed to be served kosher meals. Previl refused to speak to the Correction Captain. Plaintiff then overturned the food tray Previl had served him. Previl later tore up Plaintiff's grievance about that incident. In retaliation for Plaintiff's eventual submission of a grievance against Previl, Previl told Plaintiff that he would reveal Plaintiff's personal identification number and his other identification number to other GRVC prisoners. Plaintiff seeks $500,000 in damages.

Because Plaintiff has failed to allege any facts that suggest that he was under imminent danger of serious physical injury at the time that he filed his complaint, he is barred, under the

---

[3] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

PLRA's three-strikes provision, from proceeding with this action IFP. The Court therefore denies

Plaintiff's IFP application and dismisses this action without prejudice under the PLRA's three-

strikes provision.

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the

Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d

108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important

role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the

court may overlook valid answers to its perception of defects in the plaintiff's case," and

prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to either

pay the $400.00 in fees to bring this action or show cause why he is not barred, under the

PLRA's three-strikes provision, from proceeding with this action IFP.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this

order to Plaintiff, and note service on the docket. The Court denies Plaintiff's IFP application and

dismisses this action without prejudice. But the Court grants Plaintiff thirty days from the date of

this order to either pay the $400.00 in fees to bring this action or show cause why he is not

barred, under the PLRA's three-strikes provision, 28 U.S.C. § 1915(g), from proceeding with

this action IFP.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    December 6, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge